UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06-60074-08 |
| | | CIVIL NO. 6:11-1665 |
| VERSUS | * | JUDGE DOHERTY |
| SABINA LUNA VALDEZ | * | MAGISTRATE JUDGE HILL |

MEMORANDUM RULING

Before the court is the Writ of Mandamus filed by *pro se* petitioner Sabina Luna Valdez. [rec. doc. 1158]. By this pleading, petitioner complains that this Court has not appointed counsel to represent her in connection with her pending Motion pursuant to 28 U.S.C. § 2255 [rec. doc. 903] or her Motion for writ of *habeas corpus ad testificandum* [rec. doc. 1002], which in essence seeks an evidentiary hearing on her claims. She further complains that this Court has been conducting hearings on her Motions outside of her presence and therefore requests free transcripts of these alleged hearings. Finally, petitioner requests that this Court "respond" to her *pro se* Motion to Modify and Reduce Sentence filed pursuant to 28 U.S.C. § 3582(c)(2) as amended in accordance with the amendments to the United States Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Publ. L. 111-220. [*See* rec. doc. 1118].

Initially the undersigned notes that this Court has held no hearings on any Motions filed by Sabina Luna Valdez. To the contrary, in accordance with this Court's routine practice, rulings have been issued on the basis of the pleadings and record before this

2

Court. Accordingly, petitioner's request for free transcripts of these alleged hearings is groundless as no such transcripts exist.

Furthermore, the Court has taken under advisement petitioner's Motion pursuant to 28 U.S.C. § 2255 [rec. doc. 903]. No evidentiary hearing will be required for proper disposition of petitioner's claims. A ruling will be issued on the basis of the pleadings and record before this Court. There has been delay in the disposition of petitioner's Motion as a result of requests by both the government and petitioner to supplement their original filings, both requests having been granted by the Court. [*See* rec. docs. 994, 1001, 1023 and 1024]. Moreover, the resolution of petitioner's claims has been delayed by the filing of collateral Motions, including her Motion for writ of *habeas corpus ad testificandum* [rec. doc. 1002] and the present Motion, which unnecessarily divert the Court's resources.

Petitioner's original Motion filed pursuant to 28 U.S.C. § 3582(c)(2) as amended by the Fair Sentencing Act of 2010 was denied by Judge Doherty after appointment of counsel and the issuance of a supplemental Pre-Sentence Investigation Report. [rec. docs. 969, 970, 971 and 1164].

Prior to the filing of her second Motion filed pursuant to 28 U.S.C. § 3582(c)(2), counsel correctly advised petitioner that she is not eligible for a sentence reduction under 28 U.S.C. § 3582(c)(2) based on § 2D1.1(a)(5). [*See* rec. doc. 1158-4, 1158-5 and 1158-7]. Petitioner was not granted a four level *minimal* participant reduction under § 3B1.2(a)

3

required for application of § 2D1.1(a)(5).[1]  Rather, petitioner was granted only a two level reduction under § 3B1.2(b) for her *minor* participant role in the offense [*see* PSI ¶ 20], thus, rendering the subsection inapplicable.  Petitioner nevertheless filed her groundless Motion.  [rec. doc. 1118].  This same reason renders petitioner ineligible for the two level reduction set forth in § 2D1.1(b)(15), as that subsection likewise requires the petitioner to have received the four level *minimal* participant reduction set forth in § 3B1.2(a), which petitioner did not receive in this case. A ruling by Judge Doherty on this basis is expected to be issued shortly.

The Rules Governing §2255 Proceedings provide guidance on how and when a district court determines the appropriateness of an evidentiary hearing on motions filed pursuant to 28 U.S.C. § 2255.  Rule 4(b) requires the district court to examine and dismiss non-meritorious motions; if a motion is not dismissed, the court is to order an answer or other response from the Government.  Rule 4 (b),  28 U.S.C.  foll. §2255.

---

[1] Pursuant to § 2D1.1(c)(2) petitioner's base offense level is 36.  However, because petitioner was granted a two level adjustment for her minor participant role in the offense under § 3B1.2(b), pursuant to § 2D1.1(a)(5)(B)(ii), her base offense level is decreased by three levels to 33.

While that base offense level is greater than 32 required for application of the last sentence of § 2D1.1(a)(5), a reduction under that sentence of the subsection also requires the defendant to have received the four level minimal participant reduction set forth in § 3B1.2(a). Petitioner was not granted that reduction.  Thus, petitioner's base offense level remains at 33.

Petitioner's total offense level after applicable adjustments under § 2D1.1(b)(16) (two levels for meeting the criteria of § 5C1.2(a)(1)- (5) - safety valve provision), under § 3B1.2(b) (two levels for being a minor participant), and under § 3E1.1 (three levels for acceptance of responsibility), is 26.  That is the same total offense level with corresponding same sentencing guideline range of 63 to 78 months originally found by the Court after granting petitioner relief from the statutory minimum sentence under § 5C1.2(a)(1)-(5) and a two level decrease in the applicable total offense level under former § 2D1.1(b)(11), (now (16)). [*See* rec. doc. 642, pg. 23].  Because the guideline range is unchanged, no further reduction is available.

Rule 8 (a) states:

> If the motion is not dismissed, the judge must review the answer, and any transcripts and records of prior proceedings, and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Rule 8 (a), 28 U.S.C. foll. § 2255.

Thus, the Rules contemplate that a district court obtain and review an answer or other responsive pleading from the government, as well as the record and any transcripts contained in the record, before determining the necessity of an evidentiary hearing. In this case, the Court has examined petitioner's motion and supplemental pleadings, the responsive pleadings filed by the government, as well as the record before this Court and all transcripts contained therein. Based on this review, at this time, the undersigned has determined that an evidentiary hearing will not be required in this case.[2] Accordingly, petitioner's Motion for writ of *habeas corpus ad testificandum* [rec. doc. 1002], requesting an evidentiary hearing [rec. doc. 1002], is denied at this time.

Petitioner's request for counsel in connection with her Motion pursuant to 28 U.S.C. § 2255 is likewise denied. A *habeas corpus* proceeding is civil in nature. There is no constitutional right to appointment of counsel in a federal *habeas corpus* matter. *McClesky v. Zant*, 111 S.Ct. 1454, 1471 (1991); *Pennsylvania v. Finley*, 107 S.Ct. 1990, 1993 (1985); *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992); *United States v. Vasquez*,

---

[2] No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989).

5

7 F.3d 81, 83-84 (5ᵗʰ Cir. 1993). However, indigent persons have a statutory right to counsel if there is a need for an evidentiary hearing. Rule 8 (c), 28 U.S.C. foll. § 2255; *Vasquez,* 7 F.3d at 83 *citing Lamb v. Estelle*, 667 F.2d 492, 496-497 (5ᵗʰ Cir. 1982) (once it is determined that an evidentiary hearing is needed in a *habeas corpus* action, the appointment of counsel is mandatory).

As set forth above, no evidentiary hearing is warranted at this time.[3] Moreover, there has been no permission granted for discovery to take place between petitioner and the Government under the Federal Rules of Criminal or Civil Procedure, nor is discovery needed at this time.[4] Thus, counsel will not be appointed under Rule 8.

The appointment of counsel in a *habeas corpus* proceeding is proper also when the interests of justice so require. *See* 18 U.S.C. §3006A(a)(2)(B); *Self v. Blackburn*, 751 F.2d 789, 793 (5ᵗʰ Cir. 1985). In order to determine whether the interests of justice require the appointment of counsel in a *habeas corpus* proceeding, the Court must use fundamental fairness and due process principles as the test. *See Norris v. Wainwright*, 588 F.2d 130, 133-134 (5ᵗʰ Cir. 1979); *Bonin v. Vasquez*, 999 F.2d 425, 428-429 (9ᵗʰ Cir. 1993). Whether to appointment counsel is committed to the sound discretion of the district court. *United States v. Nichols,* 30 F.3d 35, 36 (5ᵗʰ Cir. 1994).

---

[3] *See Nichols*, 30 F.3d at 36 finding no abuse of discretion by the district court in refusing to appoint counsel when at the time of the request no evidentiary hearing was necessary.

[4] Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires appointment of counsel "[i]f necessary for effective discovery."

6

Petitioner's Motion pursuant to 28 U.S.C. § 2255 concerns allegations of actual innocence and claims of ineffective assistance of counsel. These matters are generally resolved on the pleadings without a need for an evidentiary hearing. Moreover, the claims asserted herein are not complex and are typical of those commonly asserted by *pro se* litigants without the necessity of counsel.

Additionally, petitioner's pleadings indicate that she is capable of communicating with the Court in an adequate fashion. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Indeed, petitioner has submitted an original and supplemental petition [rec. docs. 903 and 1024], a lengthy memorandum in support in which she succinctly states her arguments citing numerous jurisprudential authorities in support of same [rec. doc. 903], and a reply brief [rec. doc. 999], as well as numerous other *pro se* motions, including the instant Motion [rec. doc. 1158], and two Motions filed pursuant to 28 U.S.C. § 3582(c)(2) and a Motion for writ of *habeas corpus ad testificandum* referenced above [rec. docs. 969, 970, 1118 and 1002].

Therefore, the Court finds that the petitioner has not presented facts which would cause this Court to believe that the appointment of counsel would provide more than marginal assistance to the petitioner or to this Court. *See Santana*, 961 F.2d at 516. Thus, the interests of justice do not require that the court appoint counsel to aid petitioner with her § 2255 Motion.

7

For the reasons set forth above;

The Writ of Mandamus filed by *pro se* petitioner Sabina Luna Valdez. [rec. doc. 1158] is **DENIED.**

The Motion for writ of *habeas corpus ad testificandum* filed by *pro se* petitioner Sabina Luna Valdez [rec. doc. 1002] is **DENIED** at this time**.**

Signed this 6th day of July, 2012, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE